IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Joel C. Ludwig, | ) | |
|---|---|---|
| | ) | Case No. 12 C 50338 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Metropolitan Property and Casualty Insurance Company, | ) | |
| | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |
| | ) | |

## ORDER

For the reasons stated below, defendant's motion for summary judgment [31] is granted. Judgment is granted in favor of defendant and against plaintiff. This case is terminated.

## STATEMENT-OPINION

Plaintiff, Joel Ludwig, brings this action against defendant, Metropolitan Property and Casualty Insurance Co., his former employer. Plaintiff has a disability, Spinal Muscular Atrophy ("SMA"), which keeps him from walking and limits the use of his hands. He claims defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by forcing him to work at home because of his disability, not providing him a reasonable accommodation and excluding him from equal job opportunities (not promoting him to an analyst position he applied for) because of his disabilities.[1] Jurisdiction is proper. 28 U.S.C. § 1331. Defendant moves for summary judgment.

---

[1] Defendant addresses plaintiff's discharge in its summary judgment materials. However, plaintiff's complaint and the EEOC charge attached to it do not raise plaintiff's discharge as a discriminatory practice. The charge cites failure to get an analyst position, being required to work at home, and being disciplined as the discriminatory acts. Neither the charge nor the complaint identifies what the "discipline" was. Plaintiff was given a written warning in December 2008 prior to filing the EEOC charge in January 2009. This may be the discipline the charge references. As discussed below, to the extent plaintiff suffered any adverse employment actions, he has not shown they were the result of unlawful discrimination.

1

Plaintiff has chosen not to file any response to defendant's motion for summary judgment. Accordingly, all of the material facts set forth in the defendant's LR56.1(a)(3) statement will be deemed admitted as they have not been controverted by plaintiff. LR56.1(b)(3)(B).

Plaintiff worked for defendant from January 2000 until his discharge on May 26, 2009. Plaintiff suffers from SMA. From March 2006 until his discharge, plaintiff was a Sr. Agency Services Rep ("ASR") for defendant. ASR is a data processing job so plaintiff's primary duty was to process data which involved entering data into a computer system. Plaintiff's job had a pieces-per-hour goal. All ASRs were expected to meet those goals. An ability to enter data rapidly and accurately was an essential function of the job. Plaintiff's case of SMA significantly impaired his ability to type. He could only type with the thumb and two fingers on each hand. He typed slower than the other ASRs. In 2008 and 2009 he was unable to enter data fast enough to meet the production standards for his job. Defendant purchased voice activated software for plaintiff to use so he could enter data by speaking without using a keyboard or a mouse. This did not enable plaintiff to meet his production requirements. Plaintiff did not ask for any other type of accommodation to help him enter data faster. Neither he nor his managers were aware of any other accommodation that would enable him to do so.

During the course of his employment, defendant made various accommodations in the workplace for plaintiff. Plaintiff used an electric scooter. Defendant built a ramp into the building, and made the door electric so he could operate it with a button. It installed an electric door in the men's room. It provided him a space to store and recharge his scooter. It set aside the handicapped parking space closest to the entrance exclusively for him. It installed a printer at his desk to reduce the times he had to transfer in and out of his chair.

In late 2007 and early 2008, plaintiff lost much of the strength in his arms and hands. He struggled to transfer in and out his scooter creating a risk he would fall. This posed a safety concern. Defendant offered plaintiff the option to work from home. Plaintiff agreed to the work-at-home option. Plaintiff never proposed any other option to address the safety concern of his risk of falling. Plaintiff was free to end the work-at-home option any time and return to work in the office. Plaintiff never asked to end his work-at-home status.

In April 2008, plaintiff applied for a promotion to a business analyst position in the BPMO Project Management Department. Barbara Willems was the hiring manager for this position. An outside recruiter conducted initial phone screenings for this position to determine who should be interviewed. She never met plaintiff and did not know of his disability. She recommended not advancing plaintiff for an interview but Willems overruled that decision and decided to interview plaintiff anyway. The position's duties included interviewing members of a business unit to elicit their technical requirements and documenting how an IT system should be designed or redesigned. Plaintiff had no experience as an interviewer and had no experience on that type of IT project. Willems ended up hiring Gina DiCarlo for this position because she believed her to be more qualified. DiCarlo had recently worked on an IT systems conversion.

2

During that conversion DiCarlo had worked with a Business Analyst in making changes relevant to the Business Analyst's position so she had gained valuable experience relevant to the position.

Throughout 2008 plaintiff's production was far below his set goals. Several times during 2008 his supervisor modified plaintiff's assignments by changing the type of data he spent most of his time handling hoping she could find something he could handle better. She also implemented several work-arounds to help speed up his computer at his home. With these work-arounds, his home production rate was approximately the same as his rates had been in the office but these were still unsatisfactory. On December 16, 2008 plaintiff was given a written warning which gave him 60 days to improve. They extended this to 120 days. At that December 16th meeting he was asked if there were any other assignments in the department he believed he could handle better and he replied he did not believe he could meet the production requirements for any of them. On April 23, 2009, plaintiff was given a final written warning giving him 30 days to significantly improve his performance or face discharge. On May 26, 2009, he was discharged for unacceptably low production.

To establish a prima facie case of discrimination under the ADA plaintiff must show 1) he is disabled under the ADA; 2) he was meeting his employers legitimate expectations; 3) he suffered an adverse employment action; and 4) similarly situated employees without a disability were treated more favorably. If he establishes a prima facie case, then the burden shifts to defendant to offer a nondiscriminatory reason for the adverse employment action. Plaintiff must then show that the proffered nondiscriminatory reason was a pretext for discrimination. Dickerson v. Bd. of Tr. of Community College Dist. No. 522, 657 F.3d 595, 601 (7th Cir. 2011).

Plaintiff's claims that he was forced to work at home, that he was denied a promotion, and (to the extent he is claiming it) that he was disciplined are claims he was discriminated against based on his disability. The record is clear that plaintiff agreed to work from home and that he could have ended his work-at-home status and returned to the office upon his request. He never asked to return to the office. As such, this was not an adverse action. Even if it were, the evidence does not show pretext. The evidence shows defendant had safety concerns about plaintiff's falling and believed he would be safer at home.

Likewise, the failure to promote claim fails to show that the proffered reason (the belief DiCarlo was a better candidate) was a pretext. The evidence shows DiCarlo had experience related to the Business Analyst position that plaintiff lacked due to her working with a Business Analyst during an IT conversion. There is no evidence the decision to promote her instead of plaintiff was a pretext for discrimination.

As to discipline, there is no evidence that plaintiff was meeting his employer's reasonable expectations as to production so he has not established a prima facie case that his written warning, final written warning and termination were discriminatory. There is no evidence these production requirements were a pretext for discrimination if the court were to view the second

prong of the prima facie case and the pretext analysis as merged. <u>McGowan v. Deere & Co.</u>, 581 F.3d 575, 579 (7th Cir. 2009).

       To establish a claim for failure to accommodate plaintiff must show that 1) he is a qualified individual with a disability; 2) the employer was aware of the disability; and 3) the employer failed to reasonably accommodate the disability. <u>Cloe v. City of Indianapolis</u>, 712 F.3d 1171, 1176 (7th Cir. 2013). The record contains no evidence of a failure to accommodate. The record shows defendant attempted to accommodate plaintiff's disability. It provided him with voice recognition software and made changes to the type of work he was doing in an attempt to put him in a position where he could meet the essential requirements of the job. It contains no evidence that plaintiff requested an accommodation that he did not receive. The evidence show plaintiff was unable to perform the essential functions of his job even with reasonable accommodation. To be a "qualified individual with a disability" the evidence must show plaintiff was "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such an individual holds or desires. 42 U.S.C. § 12111(8)" <u>Povey v. City of Jeffersonville</u>, 697 F.3d 619, 622 (7th Cir. 2012). The evidence shows the contrary. Plaintiff was not a qualified individual with a disability because he could not perform the essential functions of his job with a reasonable accommodation or without one.

       For the foregoing reasons, defendant's motion for summary judgment is granted. Judgment is granted in favor of defendant and against plaintiff. This case is terminated.

Date:10/07/2013                                                                         ENTER:

*/s/ Philip G. Reinhard*
                                                  United States District Court Judge

Electronic Notices.
(LC)